## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **R. DAVID SHEEHAN, JR.,** | ) | |
| | ) | |
| **Appellant,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 16-CV-0723-CVE-PJC** |
| | ) | |
| **SHEEHAN PIPE LINE CONSTRUCTION** | ) | |
| **COMPANY,** | ) | |
| | ) | |
| **Appellee.** | ) | |

## OPINION AND ORDER

Now before the Court is R. David Sheehan, Jr.'s Motion for Permission to Appeal to District Court (Dkt. # 3).  Sheehan seeks permission to appeal an interlocutory order of the bankruptcy court denying his motion to convert the case to a Chapter 7 bankruptcy.  Sheehan Pipe Line Construction Company (Debtor) and the Official Committee of Unsecured Creditors (the Committee) oppose Sheehan's motion for permission to appeal, and argue that Sheehan has failed to comply with Federal Rule of Bankruptcy Procedure 8004 in seeking leave to take an interlocutory appeal from an order of the bankruptcy court.  The Court set expedited response and reply deadlines and Sheehan's motion is fully briefed.  See Dkt. # 5.

On April 15, 2016, Debtor filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, and the Committee was formed on May 5, 2016.  Sheehan states that he is the president and chief executive officer of entities that own 100 percent of the partnership interests in Debtor.  Dkt. # 3, at 1.  Debtor filed a proposed plan of liquidation that would transfer all of Debtor's assets to a liquidating trust, and the liquidating trust would administer the assets and distribute the proceeds according to the terms of the proposed plan.  The Debtor and the Committee

state that the sale of Debtor's equipment generated $39.5 million and Debtor was able to fully pay its two primary secured creditors. Dkt. # 6, at 1. In addition, the sale of other assets of Debtor has generated value for the bankruptcy estate, and Debtor has been able to settle with some creditors and should be able to make distributions to unsecured creditors. Id.

On October 3, 2016, Sheehan filed a motion to convert the case to a Chapter 7 bankruptcy, and creditors Doerner, Saunders, Daniel & Anderson, L.L.P. and Midwestern Manufacturing Company joined in the motion. The bankruptcy court held a hearing on November 2, 2016 and took the motion under advisement. On November, 15, 2016, the bankruptcy court held a hearing and issued a bench ruling denying Sheehan's motion to convert the case to a Chapter 7 bankruptcy. Dkt. # 3, at 7. The order states that the findings of fact and conclusions of law were read into the record and, according to the Debtor and the Committee, it took approximately 30 minutes for the bankruptcy judge to read the findings of fact and conclusions of law. Dkt. # 6, at 3.

Sheehan seeks permission to appeal the bankruptcy court's order denying his motion to convert the case to a Chapter 7 bankruptcy. Sheehan represents that the "question presented for review is whether cause exists under 11 U.S.C. § 1112(b) to convert a case from Chapter 11 to Chapter 7 when a debtor has liquidated virtually all of its tangible assets . . . , has no prospect for reorganization, and has a post-Liquidation negative cash flow resulting from incurring administrative expenses . . . ." Dkt. # 3, at 4. Sheehan asks the Court to remand the case to the bankruptcy court with instructions to convert the bankruptcy case to a Chapter 7 bankruptcy. After Sheehan's motion was filed, the bankruptcy court held a hearing on confirmation of the liquidation plan, and the Debtor and the Committee report that 94% of the creditors holding 93% of the claims against the estate voted in support of the liquidation plan. Dkt. # 6, at 2.

2

Under 28 U.S.C. § 158(a), federal district courts have jurisdiction to hear appeals from "final judgments, orders, or decrees" of a bankruptcy court and "with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title."  An appeal must be filed within 14 days after entry of the order or judgment being appealed. Fed. R. Bankr. P. 8002(a)(1).  Sheehan does not argue that he can appeal as of right and he is requesting permission to proceed with an interlocutory appeal, and interlocutory appeals of a bankruptcy order are governed by Federal Rule of Bankruptcy Procedure 8004.  A notice to appeal an interlocutory order of the bankruptcy court must be accompanied by a motion, and the motion must contain the following:

(A)  the facts necessary to understand the question presented;

(B)  the question itself;

(C)  the relief sought;

(D)  the reasons why leave to appeal should be granted; and

(E)   a copy of the interlocutory order or decree and any related opinion or memorandum.

Fed. R. Bankr. P. 8004(b)(1).

The denial of a motion to convert a Chapter 11 bankruptcy to a Chapter 7 bankruptcy is not a final order, and Sheehan must obtain leave to appeal this ruling under § 158.  In re Fox, 241 B.R. 224, 229-30 (10th Cir. BAP 1999).  Section 158 does not provide a standard of review clarifying when an appeal from an interlocutory order of the bankruptcy court is appropriate, but the Tenth Circuit Bankruptcy Appellate Panel has stated:

Leave to hear appeals from interlocutory orders should be granted with discrimination and reserved for cases of exceptional circumstances. Appealable interlocutory orders must involve a controlling question of law as to which there is

3

substantial ground for difference of opinion, and the immediate resolution of the order may materially advance the ultimate termination of the litigation.

In re McCarn, 218 B.R. 154, 157 (10th Cir. BAP 1998).   Exceptional circumstances are present when "prohibiting review would force an appellant to irrevocably lose an important right" or "cases where an appellant will effectively be denied review if the proceeding progresses to its natural end." In re Fox, 241 B.R. at 233.  The appellant has the burden to show that the bankruptcy court's order meets this standard.  Id. at 232.

The Court will initially consider whether Sheehan has complied with the requirements of Rule 8004 in seeking leave to appeal from an interlocutory order of the bankruptcy court.  Sheehan has attached a copy of the bankruptcy court's order, but Sheehan has not provided a transcript of the November 15, 2016 or even a summary of the bankruptcy court's findings of fact and conclusions of law.  When the Court set expedited response and reply deadlines, the Court specifically stated that Sheehan has not provided the Court with a transcript of the bankruptcy court's findings of fact and conclusions of law and that the Court "does not have a sufficient record to determine if an interlocutory appeal is appropriate." Dkt. # 5, at 1.  Sheehan has made no attempt to supplement the record before this Court and, while the Court knows the bankruptcy court's ultimate conclusion, the Court does not know the factual or legal basis for the bankruptcy court's decision to deny Sheehan's motion to convert the case to a Chapter 7 bankruptcy.  Sheehan argues that he has complied with Rule 8004 by providing a copy of the bankruptcy court's order and he claims that the transcript of the bankruptcy judge's oral ruling can subsequently be made part of the appellate record.  However, the Court has no basis to determine if the issue raised by Sheehan was even at issue in the bankruptcy proceedings, and the Debtor and Committee state that the actual issue decided by the bankruptcy judge was considerably more fact-intensive than Sheehan suggests.  Sheehan has not

4

provided the Court a sufficient record to determine if the bankruptcy court actually denied his motion based on the purely legal issue stated in his motion for permission to appeal, and he has not satisfied the requirements of Rule 8004 in seeking leave to appeal an interlocutory order of the bankruptcy court.

Even if the Court were to assume that Sheehan has accurately represented the issue decided by the bankruptcy court, the Court would not find that this is a suitable case for an interlocutory appeal.  Although Chapter 11 bankruptcies are labeled as a "reorganization," the United States Bankruptcy Code specifically permits liquidations under Chapter 11.  11 U.S.C. § 1129(a)(11); see also Florida Dept. of Revenue v. Piccadilly Cafeterias, Inc., 554 U.S. 33 (2008) ("Although the central purpose of Chapter 11 is to facilitate reorganizations rather than liquidations (generally covered by Chapter 7), Chapter 11 expressly contemplates liquidations").  Defendant argues that an interlocutory appeal is necessary to determine whether the bankruptcy court should have followed the Eighth Circuit Court of Appeals' decision in Loop Corp. v. United States Trustee, 379 F.3d 511 (8th Cir. 2004).  In Loop Corp., the Eighth Circuit affirmed the decision of the bankruptcy court to convert a Chapter 11 bankruptcy to Chapter 7, because the costs associated with proceeding under Chapter 11 were diminishing the bankruptcy estate and there was no likelihood of rehabilitation of the debtor.  Id. at 515.  The Debtor and the Committee state that the bankruptcy court considered Loop Corp. and distinguished it based on the facts of this case.  It is not difficult to see why Loop Corp. is distinguishable.  The bankruptcy trustee and the creditors' committee in Loop Corp. moved to convert the case from Chapter 11 to Chapter 7, because the parties could not agree on a confirmable Chapter 11 plan and the expenses associated with litigating under Chapter 11 were draining the bankruptcy estate of assets that would otherwise be available to creditors.  In this case,

the creditors have voted overwhelmingly in favor of the liquidation plan and the bankruptcy court has held a confirmation hearing, and Loop Corp. does not appear to be applicable to this case.  The Debtor and the Committee also point out that one factor that must be considered for confirmation of a Chapter 11 plan is whether "each holder of a claim or interest . . . will receive or retain under the plan on account of such claim or interest property of a value, as of the effective date of the plan, that is not less than the amount that the holder would so receive or retain if the debtor were liquidated under chapter 7 . . . ." 11 U.S.C. § 1129(a)(7)(ii).  Although this is not precisely the same issue that Sheehan seeks to appeal, it is clear that the bankruptcy court's decision on confirmation of the liquidation plan requires some consideration of what amounts creditors will receive under Chapter 7 or Chapter 11.  Granting Sheehan's request for an interlocutory appeal has a significant likelihood of interfering with the bankruptcy proceedings and delaying payments to creditors of the bankruptcy estate, and Sheehan has also not shown that there is a risk that he will be denied appellate review of the denial of his motion to convert the case to a Chapter 7 bankruptcy if his request for interlocutory appeal is denied.  The Court finds that no exceptional circumstances exist that would warrant granting Sheehan's request to file an interlocutory appeal, and Sheehan's motion for permission to appeal the denial of his motion to convert the bankruptcy proceedings to a Chapter 7 bankruptcy should be denied.

**IT IS THEREFORE ORDERED** that  R. David Sheehan, Jr.'s Motion for Permission to Appeal to District Court (Dkt. # 3) is **denied**.

**DATED** this 16th day of December, 2016.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

6